UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>v.<br><br>ROY J. DIVITTORIO, et al.,<br><br>  Defendants. | Case No. 21-cv-02026-SVK<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 22 |

Plaintiff Scott Johnson brings this lawsuit under the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act, alleging that he encountered barriers during an October 2020 visit to Garcia's Taqueria in Sunnyvale, California. Dkt. 1 (Complaint) ¶ 10. The barriers identified by Plaintiff include the dining surfaces and door handles at the restaurant. *Id.* ¶¶ 13-16, 20. The restaurant is owned by Defendant Garcia's Taqueria Inc. and the property where the restaurant is located is owned by Defendants Roy J. DiVittorio and Adrienne L. DiVittorio, who are sued in their capacities as individuals and trustees of The DiVittorio Family Trust. *Id.* ¶¶ 2-5; Dkt. 10 ¶¶ 2-3; Dkt. 15 ¶¶ 2-5. The Parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 12, 16. Now before the Court is Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction. Dkt. 22. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable without oral argument. For the reasons that follow, the motion to dismiss is **GRANTED.**

**I.    LEGAL STANDARD**

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the lack of subject matter jurisdiction, "the court need not presume the truthfulness of

1  the plaintiff's allegations." *Id.* In addition, once the defendant makes a factual challenge by
2  presenting extrinsic evidence to dispute the allegations in the complaint, "the party opposing the
3  motion must present affidavits or any other evidence necessary to satisfy its burden that the court,
4  in fact, possesses subject matter jurisdiction." *Johnson v. Techbusiness Resources, LLC*, No. 20-
5  cv-06048-BLF, 2020 WL 7013596, at *1 (N.D. Cal. Nov. 28, 2020) (internal quotation marks and
6  citations omitted). When the jurisdictional issue is intertwined with the merits, a court must apply
7  the summary judgment standard in deciding the motion to dismiss. *Id.* (citation omitted).
8  Specifically, where a plaintiff's substantive claims and the court's jurisdiction are both premised
9  on the ADA, "the issues of jurisdiction and substance are intertwined" and the court applies the
10 summary judgment standard. *Id.* A motion for summary judgment should be granted if "there is
11 no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of
12 law." *Id.* (quoting Fed. R. Civ. P. 56(a)).

## II.  DISCUSSION

### A.  ADA Claim

Under the ADA, a plaintiff may seek only injunctive relief and attorney's fees. *See* 42 U.S.C. § 12188(a)(1); *Johnson v. Case Ventures, LLC,* No. 5:19-cv-02876-EJD, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020). "Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing." *Case Ventures*, 2020 WL 4747908, at 2. In that situation, the court no longer has subject matter jurisdiction over the claim. *Id.* "Of course, '[a] defendant claiming that its voluntary compliance moots a case bears a formidable burden.'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167, 170 (2000)).

Defendants argue that Plaintiff's claims are moot and this Court lacks subject matter jurisdiction because all alleged barriers have been removed. Dkt. 22 at 6-7. In support of this factual challenge to subject matter jurisdiction, Defendants submit a declaration from Bassam Altwal, a licensed access specialist. Dkt. 22-2. In opposition to the motion, Plaintiff argued that Mr. Altwal's declaration should not be considered because it was unsigned. Dkt. 23 at 1. In their reply, Defendants stated that this was a "clerical error." Dkt. 24 at 2. Defendants filed a signed

2

1    copy of the declaration on the same day.  Dkt. 25 (the "Corrected Altwal Declaration").  Plaintiff
2    has not rebutted or objected to the Corrected Altwal Declaration, despite having an opportunity to
3    do so.  Accordingly, the Court may consider the Corrected Altwal Declaration in deciding whether
4    Defendants have remediated the alleged barriers and concluding that no genuine dispute remains
5    as to the issue of remediation.  *See Case Ventures*, 2020 WL 4747908, at *3 (considering more
6    detailed declaration filed with defendant's reply brief where plaintiff did not rebut or object to that
7    declaration).
8            The Complaint alleges that at the site, Plaintiff encountered a "lack of sufficient knee or
9    toe clearance under the outside dining surfaces for wheelchair users."  Complaint ¶ 14.  The
10   Complaint also alleges that "[e]ven though the plaintiff did not confront the barrier, both entrance
11   door handles have pull bar style handles that requires [sic] tight grasping to operate."  *Id.* ¶ 20.
12   The Corrected Altwal Declaration states that he prepared a report of his initial inspection of the
13   facility on April 14, 2021, "including identifying non-compliant dining surfaces located in the
14   temporary outdoor seating area that was established because of state and county Covid
15   restrictions."  Dkt. 25 ¶ 9.  He reviewed the facility again on May 18, 2021 to inspect Defendants'
16   remediation measures, including a review of accessible tables located indoors and outdoors and a
17   review of the door hardware, and concluded that these items were compliant.  *Id.* ¶¶ 9-12 and Ex.
18   B.  Thus, Defendants have presented evidence that the barriers alleged in the Complaint have been
19   removed.
20           Plaintiff's other arguments why the motion to dismiss should be denied are unavailing.
21   First, Plaintiff argues that the motion to dismiss is untimely because Defendants have already
22   answered the Complaint.  Dkt. 23 at 1.  Plaintiff is correct that Rule 12(b) states that a motion
23   asserting any of a list of defenses enumerated in that rule, including a defense under Rule 12(b)(1)
24   that the court lacks subject matter jurisdiction, "must be made before pleading if a responsive
25   pleading is allowed."  Fed. R. Civ. P. 12(b).  However, "the deadline for making a Rule 12(b)(1)
26   motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3), which
27   provides that '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the
28   court must dismiss the action.'"  *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012)

1  (quoting Fed. R. Civ. P. 12(h)(3)).  Accordingly, Plaintiff's assertion that the 12(b)(1) motion is
2  untimely is "simply wrong." *Id.*

3  Second, Plaintiff asserts that "it is inappropriate at this early stage in the matter to dismiss
4  the matter as moot since the jurisdictional facts are intertwined with the substantive issues of the
5  case." Dkt. 23 at 1, 2-5.  As discussed above, however, this does not mean that the Court cannot
6  grant relief on a motion to dismiss; it simply means that the summary judgment standard applies.
7  The evidence presented by Defendants meets that standard because it establishes that there is no
8  genuine issue of material fact that the alleged barriers to access at the facility have been removed.

9  Third, Plaintiff states that discovery has not yet occurred due to General Order 56.  Dkt. 23
10 at 1.  Relatedly, Plaintiff argues that he needs time to conduct a site inspection and receive the site
11 inspection report "in order to have his expert confirm if other barriers at the site exist," in which
12 case he intends to seek leave to amend his Complaint. *Id.*  Plaintiff argues that because he
13 personally encountered barriers with respect to the dining tables and door hardware, "he has
14 standing to seek remediation of all barriers at the bakery[1] that relate to his disability, regardless of
15 whether he personally encountered them." Dkt. 23 at 2 (citing *Doran v. 7-11,* 524 F.3d 1034 (9th
16 Cir. 2008) and *Whitaker v. Tesla Motors, Inc.,* 985 F.3d 1173, 1178 (9th Cir. 2021)).  Although
17 Plaintiff argues that the summary judgment standard applies to this motion (Dkt. 23 at 4), he also
18 argues "it would be unfair to convert the present motion to a Rule 56 motion (*id.* at 5).  He states
19 that "[i]f notice had been given that a Rule 56 motion was being brought, Plaintiff would file a
20 56(f) declaration." *Id.*  The Court rejects Plaintiff's arguments on these points.  General Order 56
21 does not preclude a defendant from filing a motion to dismiss for lack of subject matter
22 jurisdiction. *Johnson v. 1082 El Camino Real*, No. 5:17-cv-01391-EJD, 2018 WL 1091267, at *2
23 (N.D. Cal. Feb. 28, 2018).  In addition, "Plaintiff has not submitted any declaration showing a
24 likelihood that controverting evidence exists" and "[t]herefore, the Court is not required to
25 postpone or deny Defendants' motion." *Id.*  This conclusion is further supported by the fact that
26 since Defendant informed Plaintiff in May that the barriers had been removed, Plaintiff has

---

[1] This case involves a taqueria, not a bakery.

4

apparently taken no action to schedule a site inspection to confirm the removal.  *See* Dkt. 22-1 ¶ 6 and Ex. A; *see also* Dkt. 24 (Reply) at 23.  Moreover, *Whitaker v. Tesla Motors*, cited by Plaintiff, does not support his argument that dismissing the ADA claim in this case would be premature.  In that case, the Ninth Circuit explained that although an ADA plaintiff can identify other barriers during discovery and seek to amend his complaint, he must first plead one valid claim, and summary judgment is not inappropriate where the barriers alleged in the complaint were remedied and the plaintiff did not conduct such discovery.  985 F.3d at 1178.  Indeed, the Ninth Circuit in that case noted that "defendants should be encouraged to remove barriers from their establishments" which "is an important objective of the ADA."  *Id.*  Granting the motion to dismiss under the circumstances of this case achieves that policy objective.

Fourth, Plaintiff argues that "Defendants have not carried their heavy burden of showing that the seating barrier (which is policy based), is not likely to recur someday."  Dkt. 23 at 1, 6-11.  Whether a defendant's voluntary cessation of allegedly wrongful conduct moots a case depends on the circumstances of the case.  *See Johnson v. Holden*, No. 5:18-cv-01624-EJD, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020).  In ADA cases, "where structural modifications are made, then it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future since structural modification[s] undo the offending conduct."  *Johnson v. Opa Campbell LP*, No. 21-cv01619-PJH, 2021 WL 3493712, at *3 (N.D. Cal. Aug. 9, 2021) (citation omitted).  By contrast, voluntary cessation of non-structural features do not moot an issue because the violations could easily reoccur.  *Id.* (citations omitted).  In this case, the evidence of Defendants' remediations shows that the ADA violations are not reasonably likely to recur.  Once Defendants' Certified Access Specialist, Mr. Altwal, identified non-compliant outdoor dining surfaces during his initial inspection, Defendants modified an outdoor dining table to be compliant within approximately one month.  Dkt. 25 at ¶¶ 8-10.  Although Plaintiff attempts to argue that the alleged seating barrier is "policy based" because "[o]ffering accessible seating is a policy" (Dkt. 23 at 7-8), it is apparent that Defendants made structural changes to the tables at the restaurant, not just "policy changes."  As a result, the alleged noncompliance of the tables is unlikely to recur.  Moreover, Defendants promptly took action to become complaint and prevent future violations.

1    Within three weeks of the filing of the Complaint, Defendants hired Mr. Altwal and he inspected
2    the facility. Dkt. 25 ¶ 8. There is no evidence that Defendants were aware of the alleged
3    violations before this lawsuit was filed and no evidence of any past violations or intention to
4    violate the ADA in the future. As in *Opa Campbell*, "any conclusion that defendants would take
5    action to remove the table or otherwise cause their dining surfaces to fall into ADA
6    noncompliance would be pure speculation." 2021 WL 3493712, at *3. Accordingly, the
7    voluntary cessation doctrine does not apply to avoid the Court's determination that Plaintiff's
8    ADA claim is moot.

Accordingly, the motion to dismiss the ADA claim is **GRANTED.**

### B.     Unruh Act Claim

Having dismissed Plaintiff's sole federal law claim, the only remaining claim is Plaintiff's claim under California's Unruh Act. As a state law claim, that claim is before the Court only pursuant to the Court's supplemental jurisdiction." *Id.* at *4; *see also* 28 U.S.C. § 1367(a). "Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim." *Techbusiness*, 2020 WL 7013596, at *3 (citations omitted). The Court similarly declines to exercise supplemental jurisdiction over the Unruh Act claim in this case because "it would not further the interest of judicial economy, convenience, fairness and comity." *Id.* (citation omitted); *see also* 28 U.S.C. § 1367(c)(3) (stating that district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction"). Accordingly, the motion to dismiss the Unruh Act claim is **GRANTED.**

### III.    CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**.

**SO ORDERED.**

Dated: October 12, 2021

SUSAN VAN KEULEN
United States Magistrate Judge